IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Eastern Division

**LECRESHA CLARK,**

    **Plaintiff,**

v.     Civil Action No.

**EQUIFAX INFORMATION
SERVICES, LLC; WELLS
FARGO BANK, NATIONAL
ASSOCIATION,**

    **Defendants.**

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, hereby removes this action from the Circuit Court of Calhoun County, Alabama, to the United States District Court for the Northern District of Alabama. Removal is proper because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support thereof, Wells Fargo states as follows:

### I.     BACKGROUND

1. This action was commenced on May 12, 2023, in the Circuit Court of Calhoun County, Alabama, styled *Lecresha Clark v. Equifax Information Services, LLC; Wells Fargo Bank, National Association,* Case No. 11-CV-2023-900207.00 (the "State Court Action").

2. A copy of the Complaint that initiated this action (the "Complaint") and all letters, exhibits, process, pleadings, and orders accompanying the Complaint that were served upon Wells Fargo are collectively attached as **Exhibit A**.

3. In her Complaint, Plaintiff Lecresha Clark ("Plaintiff") alleges that "Defendant Wells Fargo violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Defendant Equifax inaccurate information regarding the status of accounts it knew or should have known were inaccurate; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review or consider all relevant information regarding the same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate representation to Defendant Equifax. Compl. ¶ 25.

4. Further, Plaintiff alleges that co-defendant Equifax Information Services, LLC ("Equifax") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b) and 1681i *et seq*. Compl. ¶¶ 19-20.

5. Wells Fargo was served with the Complaint and corresponding summons on May 15, 2023, making the action timely removed pursuant to 28 U.S.C. § 1446(b).

6. This Notice of Removal is filed within one year of the date of commencement of the action for removal purposes.

7. Wells Fargo denies the allegations in the Complaint, denies that Plaintiff has a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, she could have originally filed his Complaint in this Court under federal question jurisdiction because

resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.

## II.     FEDERAL JURISDICTION

8. This Court has federal question jurisdiction over the State Court Action under 28 U.S.C. § 1331.

9. District courts "have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Here, federal question jurisdiction exists under 28 U.S.C. § 1331 because the Complaint alleges claims over which "the district courts of the United States [] have original jurisdiction." *Id.*

11. Plaintiff does not assert any additional causes of action against Wells Fargo or Equifax other than her claims under the FCRA.

12. Accordingly, federal question jurisdiction exists over this action because Plaintiff's allegations require resolving issues that arise under a federal statute – the Fair Credit Reporting Act. Particularly, this matter necessitates the application of federal law, and that federal law determines the rights and liabilities of the parties, which warrants a proper exercise of federal question jurisdiction.

### III.     VENUE

13.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district embraces the Circuit Court of Calhoun County, Alabama, the forum in which the removed action was pending.

### IV.     NOTICE

14.     Wells Fargo will promptly file a true and correct copy of this Notice of Removal in the Circuit Court of Calhoun County, Alabama. A true and correct copy of the Notice of Filing of Notice of Removal, without exhibits, is attached hereto as **Exhibit B.**  Wells Fargo will also give written notice of removal to all adverse parties.  *See* 28 U.S.C. § 1446(d).

15.     Defendant consents to the removal of this action.  A copy of the Notice of Consent to Removal executed by counsel for Equifax is attached hereto as **Exhibit C**.

16.     As of the date of this removal, Wells Fargo has not filed a responsive pleading to the Complaint.  Wells Fargo reserves all rights to assert any and all defenses to the Complaint and further reserves the right to amend or supplement this Notice of Removal.

17.     If any questions arise as to the propriety of the removal of this action, Wells Fargo requests the opportunity to present a brief and argument in support of its position that this case is removable.

**WHEREFORE**, for the reasons stated above, Wells Fargo respectfully requests that the above-referenced case now pending in the Circuit Court of Calhoun County, Alabama, be removed to the United States District Court for the Northern District of Alabama, and for such other and further relief as this Court deems appropriate and just.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 14, 2023 | */s/ Roy Wallace Harrell, III, Esq.* <br> Roy Wallace Harrell, III, Esq. <br> Alabama Bar No. 3211O61H <br> TROUTMAN PEPPER HAMILTON SANDERS LLP <br> 600 Peachtree Street, N.E., Suite 3000 <br> Atlanta, GA 30308 <br> Telephone: (404) 885-3900 <br> E-mail: roy.harrell@troutman.com <br> *Counsel for Defendant Wells Fargo Bank, N.A.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2023, the foregoing was sent via first-class mail and Federal Express to the following:

W. Whitney Seals
Cochrun & Seals, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
filings@cochrunseals.com
*and*
John C. Hubbard
John C. Hubbard, LLC
P.O. Box 953
Birmingham, AL 35201
jch@jchubbardlaw.com
**Counsel for Plaintiff**


W. Brock Phillips
bphillips@maynardcooper.com
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue N., Suite 1700
Birmingham, AL 35203
(205) 254-1000
**Counsel for Equifax
Information Services, LLC**


                                    */s/ Roy Wallace Harrell, III, Esq.*
                                    Roy Wallace Harrell, III, Esq.

158159155