# EXHIBIT A

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: VIS**



County: **11**   Case Number: **CV-2023-900207.00**   Court Action:
Style: **LECRESHA CLARK V. EQUIFAX INFORMATION SERVICES, LLC ET AL**

Real Time

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 5/12/2023 | 10:42 AM | ECOMP | COMPLAINT E-FILED. | SEA030 |
| 5/12/2023 | 10:43 AM | FILE | FILED THIS DATE: 05/12/2023          (AV01) | AJA |
| 5/12/2023 | 10:43 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 5/12/2023 | 10:43 AM | ASSJ | ASSIGNED TO JUDGE: TIMOTHY C BURGESS          (AV01) | AJA |
| 5/12/2023 | 10:43 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 5/12/2023 | 10:43 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 5/12/2023 | 10:43 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 5/12/2023 | 10:43 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 5/12/2023 | 10:43 AM | C001 | C001 PARTY ADDED: CLARK LECRESHA          (AV02) | AJA |
| 5/12/2023 | 10:43 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/12/2023 | 10:43 AM | C001 | LISTED AS ATTORNEY FOR C001: SEALS WALLACE WHITNE | AJA |
| 5/12/2023 | 10:43 AM | C001 | LISTED AS ATTORNEY FOR C001: HUBBARD JOHN CRAD | AJA |
| 5/12/2023 | 10:43 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/12/2023 | 10:43 AM | D001 | D001 PARTY ADDED: EQUIFAX INFORMATION SERVICES, LL | AJA |
| 5/12/2023 | 10:43 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/12/2023 | 10:43 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 5/12/2023 | 10:43 AM | D001 | CERTIFIED MAI ISSUED: 05/12/2023 TO D001    (AV02) | AJA |
| 5/12/2023 | 10:43 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/12/2023 | 10:43 AM | D002 | D002 PARTY ADDED: WELLS FARGO BANK, NATIONAL ASSOC | AJA |
| 5/12/2023 | 10:43 AM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/12/2023 | 10:43 AM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 5/12/2023 | 10:43 AM | D002 | CERTIFIED MAI ISSUED: 05/12/2023 TO D002    (AV02) | AJA |
| 5/12/2023 | 10:43 AM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/12/2023 | 11:01 AM | SCAN | CASE SCANNED STATUS SET TO: Y          (AV01) | VIS |
| 5/22/2023 | 1:56 PM | D001 | SERVICE OF CERTIFIED MAI ON 05/16/2023 FOR D001 | JOM |
| 5/22/2023 | 1:57 PM | ESERC | SERVICE RETURN | JOM |
| 5/22/2023 | 1:59 PM | D002 | SERVICE OF CERTIFIED MAI ON 05/15/2023 FOR D002 | JOM |
| 5/22/2023 | 2:00 PM | ESERC | SERVICE RETURN | JOM |

 **END OF THE REPORT**

DOCUMENT 2
Case 1:23-cv-00775-CLM   Document 1-1   Filed 06/14/23   Page 3 of 10

ELECTRONICALLY FILED
5/12/2023 10:42 AM
11-CV-2023-900207.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| LECRESHA CLARK, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )    CIVIL ACTION NUMBER: |
| | )    11-CV-2023-_____ |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC; WELLS | ) |
| FARGO BANK, NATIONAL | ) |
| ASSOCIATION; | ) |
| | ) |
|     DEFENDANTS. | ) |

## COMPLAINT

Plaintiff Lecresha Clark, in the above-styled cause, hereby files this Complaint against the Defendants as follows:

## PARTIES

1. Plaintiff, Lecresha Clark, is a resident and citizen of the state of Alabama, Calhoun County, and is over the age of twenty-one (21) years.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c). Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

3. Equifax Information Services, LLC (hereinafter "Equifax") is a foreign limited liability company organized under the laws of the State of

1

Georgia and has a principal place of business in the state of Georgia. Equifax does and has at all pertinent times relevant herein done business in Calhoun County.

4. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

5. Upon information and belief, Defendant Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

6. Upon information and belief Equifax disburses consumer reports to third parties for monetary compensation.

7. Defendant Wells Fargo Bank, National Association" (hereinafter "Wells Fargo") is a foreign entity that was at all times relevant herein, doing business in the State of Alabama and in Calhoun County.

## FACTUAL ALLEGATIONS

### Wells Fargo Accounts

8. Upon information and belief, identify thieves opened up accounts with Defendant Wells Fargo by using the Plaintiff's personal information.

9. There accounts appeared in Plaintiff's credit file with Defendant

Equifax as:

> 2.3 WELLS FARGO BANK CARD SERVICES
> Account Number xxxxxxxxxxxx 5232
> 2.4 WELLS FARGO CARD SERVICES Account
> Number xxxxxxxxxxxx 7964
> 2.11 WELLS FARGO BANK Account Number
> xxxxxxxxxxxx 1963

10. Plaintiff in no way opened, authorized, benefitted, or used these accounts.

### Dispute with Equifax

11. On or about October 13, 2022, Plaintiff sent Defendant Equifax a dispute letter by certified mail that disputed the accuracy of the above-listed accounts.

12. Defendant Equifax responded to Plaintiff's October 13, 2022 dispute letter on November 5, 2022.

13. Defendant Equifax did not remove or correct the inaccurate information on Plaintiff's Equifax report for the alleged accounts with Defendants Wells Fargo.

14. Upon information and belief, despite the requirements of the Fair Credit Reporting Act, Equifax does not itself conduct reinvestigations of consumer disputes such as Plaintiff's, but rather outsources its legal duty to conduct reasonable reinvestigations of consumer disputes to a third-party entity located overseas.

15. This system, which was intentionally put in place by Equifax in order to save it money, inevitably leads to inadequate and incomplete reinvestigations that violate the requirements of FCRA such as what occurred in this case.

16. The inaccurate information published by the Defendant Equifax negatively reflected on Plaintiff, her financial responsibility as a debtor, her credit worthiness, and was published to third parties.

## COUNT ONE

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. AS TO DEFENDANT EQUIFAX

17. The Plaintiff adopts the factual allegations contained in the above-listed paragraphs.

18. Defendant Equifax's conduct in this matter constitutes multiple violations of FCRA.

19. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

20. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notices of such inaccuracies; by failing to conduct reasonable and lawful

reinvestigations of Plaintiff's disputes; by failing to promptly notify the furnishers of the dispute and failing to forward all relevant information to the furnishers; by failing to appropriately understand Plaintiff's disputes and failing to investigate the information disputed by the Plaintiff; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

21. As a result of this wrongful conduct, action and inaction of Defendant Equifax, the Plaintiff suffered damage including but not limited to the fear of losing her security clearance, loss of credit, loss of the ability to purchase and benefit from credit as well as wasted time, out of pocket postage expense, mental and emotional pain and anguish, humiliation and embarrassment.

22. Defendant Equifax's refusal to perform an appropriate reinvestigation was willful or reckless, rendering Defendant Equifax liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

23. The Plaintiff is entitled to recover costs and attorney's fees from

Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. AS TO DEFENDANT WELLS FARGO

24. The Plaintiff adopts the factual allegations contained in the above-listed paragraphs.

25. Defendant Wells Fargo violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Defendant Equifax inaccurate information regarding the status of accounts it knew or should have known were inaccurate; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate representations to Defendant Equifax.

26. As a result of Defendant Wells Fargo's wrongful conduct, actions and inactions, the Plaintiff suffered damage including but not limited to the fear of losing her security clearance, loss of credit, loss of the ability to

purchase and benefit from credit as well as wasted time, out of pocket postage expense, mental and emotional pain and anguish, humiliation and embarrassment.

27. Defendants Wells Fargo's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n. In the alternative, Wells Fargo was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

28. The Plaintiff is entitled to recover costs and attorney's fees from Defendants Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## AMOUNT OF DAMAGES DEMANDED

29. Plaintiff claims of the of all Defendants, jointly and severally, statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary and as is allowed under the FCRA and Alabama law.

## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.

/s/ *W. Whitney Seals*
W. WHITNEY SEALS
Attorney for Plaintiff

OF COUNSEL:
**COCHRUN & SEALS, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

/s/ *John C. Hubbard*
JOHN C. HUBBARD
Attorney for Plaintiff

OF COUNSEL:
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
T: (205) 410-6491
E: jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
**Ms. Lecresha Clark**
c/o Plaintiff's Counsel
Cochrun & Seals, LLC
P. O. Box 10448
Birmingham, AL 35202-0448

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED AT THE FOLLOWING ADDRESS**:

**Equifax Information Services, LLC**
Reg. Agt. Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**Wells Fargo Bank, National Association**
Reg. Agt. Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104